Weygandt, C. J.
The sole question before this court is whether the Logan County court was in error in excluding evidence proffered to show the nature of the indebtedness for which the cognovit note was executed and delivered and on which the Hardin County judgment was rendered.
It should be observed that the question here involved is not whether the proffered evidence was admissible in the original action in Hardin County. It is conceded that there is nothing in the record in that action to indicate the nature of the indebtedness for which the note was given.
With no such evidence in the record in the original action, may the plaintiff now introduce such evidence in the supplementary action in Logan County?
Under the reasoning in the helpful and carefully written opinions of the two lower courts, it was held that the supplementary action is based on the original judgment and that reliance must be placed on the record in the original action to determine the nature of the indebtedness. This is in conformity with the general rule.
In- 6 American Jurisprudence, T031, Section 816, the rule is summarized in part as-follows:
“It appears that a majority of the cases adopt the view that the nondischargeable character of the original obligation may be shown notwithstanding the recovery of a judgment on the note which evidenced the original obligation, by resort to the record of the judgment or of the proceedings in which it was obtained. By the weight of authority, although it is permitted to go behind the judgment for the purpose of ascertaining the character of the original obligation, the scope of the showing in this respect is restricted to the record of the judgment or of the proceedings in which it was obtained. If nothing appears on that record showing that the original obligation was of a character excepted from the discharge in bankruptcy, the *598 judgment is dischargeable, and, conversely, if that record disclosed the nondischargeable character of the original obligation, the judgment will not be discharged. ’ ’
To the same effect is the summary appearing in 8 Corpus Juris Secundum, 1591, Section 587. Also 5 Ohio Jurisprudence, 220, Section 101.
And in 170 A. L. R., 371, appears the following pertinent comment:
“By the great weight of authority, although the nondischargeable character of the original obligation for which a note or other commercial paper has been given may be shown even after the recovery of a judgment on the note if the record of the judgment or of the proceedings in which it was obtained discloses such character, it may not be shown if all that the record shows is that the action was upon a note and does not disclose the nondischargeable character of the original obligation.
“Under this view, the nondischargeable character of the original obligation may be shown only by what appears on the judgment record or the record of the proceedings culminating in the judgment; so that, if nothing appears on that record showing that the original obligation was of a character excepted from the operation of the discharge in bankruptcy, the judgment will be discharged; and, conversely, if that record discloses the nondischargeable character of the original obligation, the judgment will not be discharged.”
Consistent with the foregoing reasoning of the general rule, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Matthias, Hast, Zimmerman, Stewart, Bell and Taet, JJ., concur.